■ Owen A. Mandeville, Inc., Respondent, v. Edward F. X. Ryan, Appellant.— In a proceeding by a judgment creditor to compel certain escrow moneys of the judgment debtor to be paid to petitioner, the appeal is from an order of the Supreme Court, Westchester County, dated April 1, 1970, which granted the application. A decision on this appeal was previously rendered, on December 28, 1970 (*Owen A. Mandeville, Inc.* v. *Ryan,* 35 A D 2d 1000), but by order of this court dated April 6, 1971 that decision and the order thereon were withdrawn and vacated and the appeal was directed to be reargued. Upon reargument, order affirmed, with $10 costs and disbursements, on the opinion of Special Term and the following further memorandum: The judgment in question was entered against appellant herein, Ryan, and three other defendants, including one Lorraine Zah, in the County Court, Westchester County, on November 5, 1969, for conspiracy to deprive plaintiff of brokerage commissions. An appeal from the judgment was taken by Ryan and another defendant, Larchmont Associates, Inc., and the Appellate Term affirmed. By our separate decision of this date we have reversed the order of the Appellate Term and the County Court judgment as to defendants Ryan and Larchmont Associates, Inc., on the law, and have dismissed the complaint as to said defendants (*Owen A. Mandeville, Inc.* v. *Zah,* 38 A D 2d 730). However, that determination can have no effect on our determination herein. Ryan's liability herein rests upon an agreement entered into between him and Lorraine Zah, whereby Ryan agreed to hold $1,500 in escrow pending final disposition of the County Court action and to turn over to respondent herein so much of the escrow fund as would be necessary to satisfy any judgment entered against Zah in that action. Since Zah has not appealed from the judgment and her time to appeal has expired, the judgment has become final as to her. Munder, Acting P. J., Martuscello, Latham and Christ, JJ., concur; Benjamin, J., dissents and votes to reverse the order and dismiss the proceeding, with the following memorandum: In 1964 Lorraine Zah sold her house to Robert Strumpen-Darrie and paid a $1,500 brokerage commission to Larchmont Associates, Inc. Another broker (plaintiff Mandeville) sued Zah, Strumpen-Darrie, Larchmont and Ryan (Larchmont's president) for conspiracy to deprive it (Mandeville) of a commission on the sale. In view of that suit, Ryan agreed with Zah that he would hold the $1,500 commission in escrow, pending "final disposition" of Mandeville's conspiracy action, and would use it to satisfy, in part or in whole, any judgment granted to Mandeville against Zah. Thereafter, a jury awarded Mandeville a verdict of $2,640 against all the defendants in the conspiracy action; and judgment in varying amounts against the defendants was entered. Ryan and Larchmont appealed, but Zah

refused Ryan's request to join in that appeal, obviously because she felt fully protected by Ryan's indemnity agreement and did not care whether he or Mandeville got the $1,500. After Zah's time to appeal expired, but while the appeal by Ryan and Larchmont was still pending undetermined, Mandeville brought the instant proceeding, as judgment creditor of Zah, to compel Ryan to pay over the $1,500 he was holding in escrow pending "final disposition" of the conspiracy action. Special Term granted Mandeville's application to the extent of $1,261.67, which represented Zah's liability for one third of the $2,640 verdict in the conspiracy action, plus costs and disbursements. Ryan has appealed from that determination, so this court now has before it the appeal by Ryan and Larchmont from the judgment in the conspiracy action, as well as Ryan's appeal from the order directing him to pay to Mandeville $1,261.67 of the $1,500 brokerage commission he is holding in escrow. A majority of this court is reversing Mandeville's judgment in the conspiracy action and is dismissing its complaint on the ground that it failed to establish that a conspiracy had existed or that it would have brought about the sale and earned a commission if there were no conspiracy. At the same time this court, also by a divided vote, is affirming Special Term's order in the instant proceeding directing Ryan to pay Mandeville $1,261.67 from the escrow fund, on the ground that Mandeville's judgment against Zah in the conspiracy action has become final as against her, because of her refusal to appeal from it, and the finality of that judgment requires Ryan to pay the aforesaid sum toward satisfaction of the judgment pursuant to the terms of his indemnity agreement with Zah. In other words, majorities of this court are simultaneously holding (a) that Mandeville never earned, or even would have earned, a commission on the sale and (b) that Ryan (who did earn the commission on the sale) must pay the bulk of the commission to Mandeville, who did not earn it. So incongruous and unjust a result need not and should not be reached. It flies in the face of reason for this court to say that Mandeville is not entitled to any commission and at the same time to give it one out of the pocket of Ryan, to whom it rightfully belongs. In my opinion, implicit in the indemnity agreement was (a) an intent that the $1,500 commission should go to the one ultimately found entitled to it, on the merits, by the courts; (b) an obligation of good faith on the part of Zah; and (c) an understanding that, pursuant to her obligation of good faith, Zah would co-operate with Ryan in the defense of the conspiracy action and would not frustrate his attempts to defeat that action, either in the trial court or on appeal. By refusing to join in Ryan's ultimately successful appeal from the judgment in the conspiracy action and by deliberately letting that judgment become final as against her, because of her failure to appeal, Zah breached her obligation of good faith, her obligation to co-operate with Ryan and not frustrate his attempts to protect the commission he earned, and the parties' intent that the commission should go to the one who really earned it. That being so, the indemnity agreement could not be enforced by Zah and certainly should not be enforceable by Mandeville, whose rights derive through Zah and cannot exceed hers. Particularly is that so here, where Mandeville seeks, by such hypertechnical legerdemain, to pluck from its rightful owner a commission that it, Mandeville, never earned. This court should not assist Mandeville in attaining this unjust end. On the contrary, the court can and should bar that untoward result by denying Mandeville's application for a turnover of the escrow moneys. By such holding, justice would be done and this litigation would be terminated correctly and fairly.